**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Jesse Hernandez, | No. CV 10-432-PHX-JAT (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

On February 25, 2010, Plaintiff Enrique Jesse Hernandez, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On March 9, 2010, the Court denied the Application to Proceed with leave to re-file. On April 6, 2010, Plaintiff filed a new Application to Proceed. In a May 7, 2010 Order, the Court granted the new Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 2, 2010, Plaintiff filed his First Amended Complaint (Doc. #9). The Court will order Defendants Dolezal and Wheeler to answer the First Amended Complaint and will dismiss the remaining Defendants without prejudice.

. . . .

**TERMPSREF**

1  **I.  Statutory Screening of Prisoner Complaints**

2  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**II.  First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff sues the following Defendants: Canteen Staff Dolezal; Kitchen Supervisor Wheeler; Sergeant Wall; and Warden William.

Plaintiff alleges that his First Amendment rights are violated because he is regularly provided kosher food trays that are missing food items and he is not provided with a nutritionally equivalent substitution. Plaintiff seeks money damages.

### III. Failure to State a Claim

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

With respect to Defendant Wall, Plaintiff alleges only that "Canteen Supervisor, Ms. Wheeler, Canteen Staff Dolezal and Sergeant Wall determined to C.O. III Temple inspected my kosher tray that was prepared for dinner tha[t] day which . . . was the only day the . . . meal was complete." These allegations are both vague and insufficient to state a claim against Defendant Wall. The Court will therefore dismiss Defendant Wall.

With respect to Defendant William, Plaintiff claims that "Defendant CA M. William as Warden failed to do his job because I sen[t] him a[n] Inmate letter notifying him [of] the problem . . . I have which he didn't respond on it instead the Deputy Warden G. Fizer response . . . ." Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of or failure to respond to administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). The Court will therefore dismiss Defendant Wall.

### IV. Claims for Which an Answer Will be Required

Plaintiff claims that even after repeated complaints, Defendants Dolezal and Wheeler failed to correct the problem of missing food items on Plaintiff's tray. Plaintiff claims that on many days he did not receive sufficient food and that Defendants did not attempt to replace missing food items with a nutritionally equivalent food from the kosher menu. Liberally construed, Plaintiff has stated a claim against Defendants Dolezal and Wheeler and the Court will require these Defendants to answer the Amended Complaint.

1. **V. Warnings**

2.     **A. Release**

3. Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
4. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
5. the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
6. in dismissal of this action.

7.     **B. Address Changes**

8. Plaintiff must file and serve a notice of a change of address in accordance with Rule
9. 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
10. relief with a notice of change of address. Failure to comply may result in dismissal of this
11. action.

12.     **C. Copies**

13. Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
14. of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
15. stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
16. an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply
17. may result in the filing being stricken without further notice to Plaintiff.

18.     **D. Possible Dismissal**

19. If Plaintiff fails to timely comply with every provision of this Order, including these
20. warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>,
21. 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
22. comply with any order of the Court).

23. **IT IS ORDERED:**

24.     (1) Defendants Wall and William are **dismissed** without prejudice.

25.     (2) Defendants Dolezal and Wheeler must answer the Amended Complaint.

26.     (3) The Clerk of Court must send Plaintiff a service packet including the First
27. Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms
28. for Defendants Dolezal and Wheeler.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against

the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 11th day of June, 2010.

James A. Teilborg
United States District Judge