1    **WO**                                                                **JWB**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Enrique J. Hernandez,              )    No. CV 10-0432-PHX-JAT (LOA)
                                        )
10               Plaintiff,             )    **ORDER**
                                        )
11   vs.                                )
                                        )
12   Arizona Department of Corrections, et al.,)
                                        )
13               Defendants.            )
                                        )
14   _____   )

15          Plaintiff Enrique J. Hernandez filed this civil rights action under 42 U.S.C. § 1983

16   against Arizona Department of Corrections (ADC) employees Dolezal and Wheeler (Doc.

17   9).[1]   Before the Court is Defendants' Motion to Dismiss and/or Motion for Summary

18   Judgment (Doc. 24).  Plaintiff did not respond to the motion.

19          The Court will grant the Motion to Dismiss and terminate the action.

20   **I.      Background**

21          Plaintiff's single claim arose during his confinement at the Arizona State Prison

22   Complex-Central Unit in Florence, Arizona (Doc. 9 at 1).  He alleged that during the last

23   week of August 2009, he began receiving kosher diet trays with missing food items (id. at

24   at 5).  Plaintiff further claimed that there were no substitutions for the missing food items

25   (id.).  Plaintiff sought monetary damages (id. at 12).

26

27
     _____

28          [1]Upon screening, the Court dismissed Wall and William as Defendants (Doc. 10).

1

2

3

The Court found that Plaintiff's allegations stated a First Amendment religious-exercise claim and directed Dolezal and Wheeler to respond (Doc. 10 at 3). Defendants filed their Motion to Dismiss and/or Motion for Summary Judgment (Doc. 24).

4

**II.     Motion to Dismiss**

5

6

7

8

9

10

11

12

Defendants move for dismissal on the ground that Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. 1997e(a) (id.). In support, they submit the affidavit of Susan George, an Executive Secretary in the Legal Services Division of the ADC (Doc. 28, George Aff. ¶ 1). George explains that the ADC inmate grievance system is governed by Department Order (DO) 802—Inmate Grievance System (id. ¶ 2; Attach. A). George further states that under DO 802, inmates may grieve issues related to conditions of confinement, including food service (id. ¶ 2).

13

14

15

16

17

18

19

20

George describes the four steps in the prison's grievance system: (1) the inmate attempts to informally resolve the issue by filing an inmate letter; (2) if not satisfied with the inmate-letter response, he may file a formal grievance to the grievance coordinator; (3) if not satisfied with the grievance coordinator's response, the inmate may file a grievance appeal to the Warden; (4) the inmate may appeal the Warden's response to the ADC Director, whose response is final (id. ¶ 3). George avers that she reviewed the grievance appeal log and the appeal file maintained in the ADC's Central Office; however, there was no record that Plaintiff filed any appeals related to his food service issues raise in this action (id. ¶¶ 4-6).

21

22

23

Defendants submit that based on this evidence, Plaintiff failed to exhaust his administrative remedies for his First Amendment claim and his First Amended Complaint should therefore be dismissed (Doc. 24 at 3-7).

24

25

26

27

28

The Court issued an Order notifying Plaintiff of his obligation to respond to Defendants' motion (Doc. 29). This Order informed Plaintiff that if Defendants' motion is granted by the Court, it will end his case (id. at 1). The Order also cited Local Rule of Civil Procedure 7.2(i) in its entirety; this rule provides that a party's failure to respond to a motion may be deemed a consent to the granting of the motion (id. at 2). LRCiv 7.2(i). Plaintiff was

1    given until October 4, 2010 to respond to the Motion to Dismiss (id.).

2          To date, Plaintiff has not filed a response, and the time for responding has expired.

3  **III.   Exhaustion**

4        **A.     Legal Standard**

5          Under the PLRA, a prisoner must exhaust available administrative remedies before

6  bringing a federal action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Griffin

7  v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  Exhaustion is required for all suits about

8  prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered

9  through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).  And a

10  prisoner must complete the administrative review process in accordance with the applicable

11  rules.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

12          Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 212 (2007).  Thus,

13  the defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315

14  F.3d at 1119.  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b)

15  motion, a court may look beyond the pleadings to decide disputed issues of fact.  Id. at 1119-

16  20.  Further, a court has broad discretion as to the method to be used in resolving the factual

17  dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th

18  Cir. 1988) (quotation omitted).

19        **B.     Analysis**

20          In his verified First Amended Complaint, Plaintiff indicates that administrative

21  remedies were available for his claim and that he fully exhausted his claim (Doc. 9 at 4).  But

22  in his factual recitation, Plaintiff only describes completing the informal resolution and

23  formal grievance (id. at 5-6).  Plaintiff never avers that he filed a grievance appeal or an

24  appeal to the ADC's Director.

25           Here, the Court finds that Defendants submit evidence that a grievance system was

26  available for Plaintiff's food service claim (Doc. 28, George Aff. ¶¶ 3-5).  Further, the

27  allegations in Plaintiff's First Amended Complaint confirm that he did not fully exhaust the

28  grievance procedure; rather, Plaintiff only satisfied the first two steps.  This does not

1  constitute proper exhaustion.  See Woodford, 548 U.S. at 90 (proper exhaustion requires

2  "using all steps that the agency holds out, and doing so properly").

3          Moreover, in failing to respond to Defendants' motion, Plaintiff did not refute

4  evidence that a grievance system was available and he failed to avail himself of that system.

5  On this record, the Court finds that Defendants have met their burden to demonstrate

6  nonexhaustion, and the Motion to Dismiss will be granted.

7  **IV.    Lack of a Response**

8          Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(i)

9  to grant Defendants' motion in light of Plaintiff's failure to respond.  As stated, Plaintiff was

10 specifically warned of this possibility in an Order from the Court (Doc. 29).  Plaintiff was

11 also previously warned that failure to comply with any of the Court's Orders could result in

12 dismissal (Docs. 7, 10).

13         Failure to comply with a district court's local rule is a proper ground for dismissal.

14 Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  But before dismissal on this basis, the

15 Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

16 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

17 policy favoring disposition of cases on their merits; and (5) the availability of less drastic

18 sanctions."  Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

19 If the court does not consider these factors, the record may be reviewed independently on

20 appeal for abuse of discretion.  Henderson, 779 F.2d at 1424.

21         Here, the first two factors favor dismissal.  "[T]he public's interest in expeditious

22 resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983,

23 990 (9th Cir. 1999), and the second factor favors dismissal in most cases.  Wanderer v.

24 Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  In the instant case, the Court finds that the

25 public's interest in expeditiously resolving this litigation and the Court's interest in managing

26 the docket weigh in favor of dismissal.  The third factor also favors dismissal.  There is no

27 risk of prejudice to Defendants to grant their motion.

28         Public policy favors disposition of cases on their merits, so the fourth factor weighs

- 4 -

1  against dismissal.  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

2  The final factor requires the Court to consider the availability of less drastic sanctions.

3  Plaintiff was given ample time to respond to Defendants' Motion to Dismiss, which was filed

4  over two months ago.  The Court explicitly warned Plaintiff that failure to respond could

5  result in the granting of the motion (Doc. 29).  Plaintiff nonetheless failed to respond or move

6  for an extension.  Thus, in weighing this last factor, the Court finds that dismissal without

7  prejudice is an available and less drastic sanction in this case.

8  In sum, the five-factor analysis supports dismissal for failure to respond to the Motion

9  to Dismiss.  The Court's decision to grant the motion in these circumstances is further

10  supported by the fact that it is premised upon a local rule that expressly permits the Court to

11  summarily grant unopposed motions.  Ghazali, 46 F.3d at 53 ("Only in rare cases will we

12  question the exercise of discretion in connection with the application of local rules"), quoting

13  United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).

14  Defendants' Motion to Dismiss will therefore be granted based on Plaintiff's failure

15  to respond.  See LRCiv 7.2(i).  The Court, therefore, need not consider Defendants' Motion

16  for Summary Judgment or remaining arguments.

17  **IT IS ORDERED:**

18  (1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to

19  Dismiss and/or Motion for Summary Judgment (Doc. 24).

20  (2) Defendants' Motion to Dismiss (Doc. 24) is **granted**; the First Amended

21  Complaint is dismissed without prejudice for failure to exhaust; in the alternative, it is

22  dismissed without prejudice pursuant to Local Rule of Civil Procedure 7.2(i).

23  (3) Defendants' Motion for Summary Judgment (Doc. 24) is **denied as moot**.

24  (4) The Clerk of Court must enter judgment accordingly.

25  DATED this 18th day of November, 2010.

26

27

28
James A. Teilborg
United States District Judge

- 5 -